# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-MC-025-RJC-DCK

| | |
|---|---|
| THOMAS DUNNE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RESOURCE CONVERTING, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Enforce Non-Party Subpoena" (Document No. 1) filed February 27, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion in part and deny the motion in part.

By the instant motion, Plaintiff Thomas Dunne, Jr. ("Plaintiff") seeks an order compelling non-party Mark E. Brodowicz ("Brodowicz") to fully comply with subpoenas issued by Plaintiff and to provide unfettered access to his cell phone and email accounts. (Document No. 1). The subpoenas arise out of parallel underlying actions in the United States District Courts for the Eastern District of Missouri and the Southern District of Iowa. Id. Plaintiff states that the subpoenas are substantively identical. Id. It appears that the subpoenas demand production of six categories of documents from Brodowicz, but do not seem to mention allowing access to email accounts or cell phone(s). See (Document No. 2-2). Plaintiff now contends that Brodowicz is unwilling or unable to conduct a diligent search for documents responsive to the subpoenas. (Document No. 2, pp.7).

In response, Brodowicz asserts that he "has made every reasonable effort to comply with Plaintiff's subpoena, short of giving control of his Communication Means." (Document No. 9, p.2).

The undersigned directs that Brodowicz supplement his responses to the subpoenas, to the extent he is able to locate and access additional responsive documents. However, the Court will decline to require non-party Brodowicz to turn over access to his email accounts or cell phone. Such requests are not included in the underlying subpoenas; moreover, this demand appears to be unduly burdensome and overly broad.

Plaintiff shall reimburse Brodowicz for the reasonable costs of locating and producing requested documents; otherwise, the requests for costs and fees are denied. The parties are respectfully encouraged to work together to efficiently conclude discovery production and to schedule Mr. Brodowicz's deposition without further delay.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Enforce Non-Party Subpoena" (Document No. 1) is **GRANTED in part and DENIED in part**, as described herein.

**SO ORDERED**.

Signed: March 30, 2018

David C. Keesler
United States Magistrate Judge